

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANGEL OLVIDIO ESCOBAR-SABALLOS,

    *Plaintiff*,

vs.

UNITED STATES OF AMERICA, *et al.*

    *Defendants*.

2:12-cv-02195-RCJ-CWH

ORDER

    Plaintiff, a federal inmate, has filed an application (#1) to proceed *in forma pauperis* with no complaint.

    Plaintiff sought to initiate a prior action in No. 2:12-cv-01698-MMD-GWF. That action was dismissed without prejudice because plaintiff submitted a complaint without either paying the filing fee or submitting a properly-completed application to proceed *in forma pauperis*. The order in that action stated that "[i]f plaintiff wishes to pursue this matter, he should file a new action, with a new case number, along with either the $350.00 filing fee or a completed application to proceed *in forma pauperis* on the court-approved form [with] . . . all required financial documentation, as described in the instructions for use of the form." The order further directed the Clerk to send plaintiff the Court's required civil rights complaint form, a pauper application form, the instructions for the pauper form, and a copy of the complaint in the prior action.

    The prior action, No. 2:12-cv-01698-MMD-GWF, is closed by a final judgment. The filings in that action – in particular, the complaint in that action – do not carry forward into a

1  new action under a new docket number. In order to properly commence a civil rights action
2  in this Court, plaintiff must submit all of the following at the same time in a new action under
3  a new docket number: (a) a properly-completed application to proceed *in forma pauperis*, on
4  the Court's required form and with all required attachments; **and, at the same time in the**
5  **new action,** (b) a complaint on the Court's required civil rights complaint form.

6  Moreover, plaintiff in any event has not submitted a properly completed application to
7  proceed *in forma pauperis*. First, plaintiff did not sign the acknowledgment on page 3 of the
8  form. Signing the declaration under penalty of perjury without signing the acknowledgment
9  is not sufficient. Second, the financial certificate is not from the Court's required form.
10 Plaintiff must use the required form, in its entirety, including the financial certificate from the
11 form. Third, plaintiff did not attach a copy of his trust account statement from the prior six
12 months. Plaintiff must attach *both* a properly-executed financial certificate *and* a copy of his
13 inmate trust account statement.

14 Due to the multiple defects presented, this improperly commenced action will be
15 dismissed without prejudice. It does not appear that a dismissal without prejudice will
16 materially affect the analysis of any statute of limitations issue or other issues as to a promptly
17 filed and properly commenced new action.[1]

18 IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*
19 is DENIED without prejudice.

20 IT FURTHER IS ORDERED that this improperly commenced action is DISMISSED
21 without prejudice to the filing of a new action with a complaint on the proper form together with

---

[1] There is no complaint and there are no claims articulated in the papers presented. There thus are no claims stated in the current papers to relate back to vis-à-vis a remedial filing. The prior action has been closed by a final judgment, and nothing filed herein relates back to filings in the closed action. The Court further notes in passing that the allegations of the prior action appear on their face to necessarily challenge the validity of plaintiff's conviction in this District on a plea on drug charges. It thus would appear likely that the claims are not cognizable in a civil rights action, *i.e.*, have not yet accrued for limitations purposes, unless and until the conviction first is vacated. In the final analysis, however, it remains plaintiff's responsibility to properly and timely commence a civil rights action. The presentation in this action of only an improperly-completed pauper application without a complaint does not properly commence a civil rights action. The dismissal without prejudice of this improperly-commenced action, in which no claims are articulated, will not materially impact the analysis of the timeliness or cognizability of a properly-commenced new action.

-2-

either the required $350.00 filing fee or a properly completed application to proceed *in forma pauperis* on the proper form and with all required, and new, financial attachments.

IT FURTHER IS ORDERED that the Clerk shall SEND plaintiff two copies each of an *in forma pauperis* application form for a prisoner and a § 1983 complaint form along with one copy of the instructions for each form.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: January 7, 2013.

ROBERT C. JONES
Chief United States District Judge